IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ONE 1991 BLUE PONTIAC FIREBIRD,
BEARING VIN 1G2FS33E4ML242604,
REGISTERED IN THE STATE OF
SOUTH CAROLINA,

    Defendant.

ELECTRONICALLY FILED
Jan 05 2021
U.S. DISTRICT COURT
Northern District of WV

Civil No. 5:21-cv-1 (Bailey)

## VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

The United States brings this complaint and alleges as follows in accordance with Rule G(2) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions:

### NATURE OF THE ACTION

1. This is a civil action in *rem*, brought against property involved in a violation of the Controlled Substances Act that is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(4).

### THE DEFENDANT *IN REM*

2. The defendant (hereinafter, the "defendant property") is one 1991 Blue Pontiac Firebird, blue in color, with black convertible top, bearing VIN 1G2FS33E4ML242604, and registered in the State of South Carolina, bearing plate number PYA969.

3. The defendant property was seized from Todd Michael Hensley ("Hensley") on January 23, 2020, pursuant to the execution of a search warrant during a vehicle stop in

Moundsville, West Virginia. The defendant property is presently located in the custody of the Marshall County Drug Task Force in Moundsville, West Virginia.

## JURISDICTION AND VENUE

4. This action to remedy a violation of the Controlled Substances Act, codified at 21 U.S.C. §§ 801, *et seq.*, by forfeiting property under 21 U.S.C. § 881, is governed by 18 U.S.C. § 983.

5. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1345 and 1355(a), because this forfeiture action has been commenced by the United States.

6. This Court has *in rem* jurisdiction pursuant to: (1) 28 U.S.C. § 1355(b)(1)(A) because acts and omissions giving rise to the forfeiture occurred in this district; (2) 28 U.S.C. § 1355(b)(1)(B), incorporating 28 U.S.C. § 1395, because the property is located in this district; and (3) 28 U.S.C. § 1355(b)(1)(B), incorporating 21 U.S.C. § 881(j), because a criminal prosecution of the owner of the property has been brought in this district.

7. Venue is proper pursuant to 28 U.S.C. §1355(b)(1)(A) because acts and omissions giving rise to the forfeiture occurred in this judicial district.

8. Upon the filing of this Complaint, the plaintiff will move the Court to issue an arrest warrant *in rem* pursuant to Supplemental Rule G(3)(b)(ii), which the plaintiff will execute upon the property pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(C).

## BASIS FOR FORFEITURE

9. The defendant property is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(4), because it constitutes a vehicle used, or intended to be used, to transport, or in any manner facilitate the transportation, sale, receipt, possession, or concealment of controlled substances, in violation of the Controlled Substances Act, 21 U.S.C. §§ 801, *et seq*.

10. To the extent applicable, pursuant to 21 U.S.C. § 881(h), all right, title and interest in the defendant property vested in the United States upon commission of the acts giving rise to the forfeiture in this action.

## FACTS

11. The following facts establish a reasonable belief that the government will be able to meet its burden of proof at trial. The facts alleged in this Complaint are based upon information and belief, the sources of which are agents and reports from the Drug Enforcement Administration ("DEA"), the Marshall County Drug Task Force ("MCDTF"), and other written and oral information received by the United States Attorney's Office for the Northern District of West Virginia.

12. In or around January 2020, the MCDTF commenced an investigation into suspected drug trafficking by Todd Michael Hensley.

13. On or about January 23, 2020, during a sting operation, the MCDTF arranged for Hensley to travel from his residence in Anderson, South Carolina, to Moundsville, West Virginia, utilizing a confidential informant.

14. Moundsville, West Virginia, is within the Northern District of West Virginia.

15. The purpose of Hensley's travel was to provide the confidential informant with methamphetamine for use and resale.

16. In preparation for his travel, Hensley informed the confidential informant that he would be driving the defendant property from his residence in Anderson, South Carolina, to Moundsville.

17. Law enforcement obtained a federal anticipatory search warrant to search Hensley and his vehicle upon Hensley's arrival at the designated meeting place in Moundsville.

18. On or about January 23, 2020, Hensley arrived at the designated meeting place driving the defendant property.

19. Hensley was the sole occupant of the vehicle.

20. Law enforcement conducted a traffic stop and executed search warrants. The execution of the warrants revealed a loaded Glock pistol and approximately three pounds of suspected crystal methamphetamine in the defendant property.

21. A field test confirmed a positive result for methamphetamine, a Schedule II drug-controlled substance.

22. Certified forensic chemists at the DEA Mid-Atlantic Laboratory analyzed the suspected methamphetamine and concluded that it was methamphetamine hydrochloride, a Schedule II-drug controlled substance.

23. Chemists at the DEA Mid-Atlantic Laboratory examined the purity of the methamphetamine and concluded that the methamphetamine hydrochloride was crystalized.

24. Hensley was arrested that day on a federal criminal complaint.

25. Hensley waived his Miranda rights and provided a written statement as to the facts and circumstances surrounding his transportation of methamphetamine from South Carolina to West Virginia with the intent to distribute methamphetamine within the Northern District of West Virginia.

26. On February 19, 2020, a grand jury sitting in the Northern District of West Virginia returned an indictment against Hensley in Case Number 5:20CR4, charging him with Possession with Intent to Distribute Methamphetamine and Possession, in violation of 21 U.S.C. § 841, and Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. §

924(c). The Forfeiture Allegation in the Indictment contains notice to Hensley that the government intends to forfeit property in his criminal case.

27. On October 22, 2020, during the Rule 11 hearing, Hensley pled guilty to Counts One and Two of the Indictment, alleging that he violated 21 U.S.C. § 841(a)(1), and 18 U.S.C. § 924(c). The Plea Agreement includes the forfeiture of property located in the defendant property when Hensley was arrested in Moundsville, and property located during the execution of a search warrant at Hensley's residence in Anderson, South Carolina.

28. The Plea Agreement includes the stipulation that the property seized in this case, which encompasses the property seized from inside the defendant property, is property that facilitated Hensley's Controlled Substances Act offense conduct underlying his Plea Agreement, or is property constituting, or derived from, proceeds obtained directly or indirectly as the result of such conduct.

## CLAIM FOR RELIEF

29. Paragraphs 1 – 28 are incorporated by reference.

30. The defendant property is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(4) because it constitutes a vehicle used, or intended to be used, to transport, or in any manner facilitate the transportation, sale, receipt, possession, or concealment of controlled substances, in violation of the Controlled Substances Act, 21 U.S.C. §§ 801, *et seq*.

WHEREFORE, plaintiff prays that all persons who reasonably appear to be potential claimants with interests in the defendant property be cited to appear herein and answer the Complaint; that the defendant property be forfeited and condemned to the United States of America; that upon Final Decree of Forfeiture, the United States Marshal dispose of the defendant

property according to law; that the plaintiff be awarded its costs and disbursements in this action; and that the plaintiff have such other and further relief as this Court deems proper and just.

                    Respectfully submitted,

                    WILLIAM J. POWELL
                    UNITED STATES ATTORNEY

By:    /s/ Danaë DeMasi-Lemon
        Danaë DeMasi-Lemon
        Assistant United States Attorney
        United States Attorney's Office
        1125 Chapline Street, Suite 3000
        Wheeling, WV 26003
        Phone: (304) 234-0100
        danae.demasi@usdoj.gov

## VERIFICATION

I, Danaë DeMasi-Lemon, hereby verify and declare that I have read the foregoing Verified Complaint for Forfeiture and know the contents thereof, and that the factual matters contained in the Complaint are true to my knowledge and belief. The source of my knowledge and belief are the official filed and records of the United States, and information supplied to me by law enforcement officers.

I hereby verify and declare under penalty of perjury as provided by 28 U.S.C. § 1746 that the foregoing is true and correct.


Dated: <u>January 5, 2021</u>


*Danaë DeMasi-Lemon*
Danaë DeMasi-Lemon
Assistant United States Attorney
Asset Forfeiture Coordinator

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
United States of America

### DEFENDANTS
One 1991 Blue Pontiac Firebird, Bearing VIN 1G2FS33E4ML242604, Registered in the State of South Carolina

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant **Marshall**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*    304-234-0100
L. Danae DeMasi-Lemon
U.S. Attorney's Office
1125 Chapline St, Suite 3000, Wheeling, WV 26003

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
[X] 1 U.S. Government Plaintiff
[ ] 2 U.S. Government Defendant
[ ] 3 Federal Question (U.S. Government Not a Party)
[ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*    Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | [X] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane / [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability / [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability |  | **PROPERTY RIGHTS** | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander |  | [ ] 820 Copyrights | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability / [ ] 368 Asbestos Personal Injury Product Liability |  | [ ] 830 Patent | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine |  | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability / **PERSONAL PROPERTY** |  | [ ] 840 Trademark | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle / [ ] 370 Other Fraud | **LABOR** | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability / [ ] 371 Truth in Lending | [ ] 710 Fair Labor Standards Act |  | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury / [ ] 380 Other Personal Property Damage | [ ] 720 Labor/Management Relations | **SOCIAL SECURITY** | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice / [ ] 385 Property Damage Product Liability | [ ] 740 Railway Labor Act | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise |  | [ ] 751 Family and Medical Leave Act | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | [ ] 790 Other Labor Litigation | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights / **Habeas Corpus:** | [ ] 791 Employee Retirement Income Security Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 220 Foreclosure | [ ] 441 Voting / [ ] 463 Alien Detainee |  | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment / [ ] 510 Motions to Vacate Sentence |  | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations / [ ] 530 General |  | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment / [ ] 535 Death Penalty | **IMMIGRATION** | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other / **Other:** | [ ] 462 Naturalization Application |  | [ ] 950 Constitutionality of State Statutes |
|  | [ ] 448 Education / [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions |  |  |
|  | [ ] 550 Civil Rights |  |  |  |
|  | [ ] 555 Prison Condition |  |  |  |
|  | [ ] 560 Civil Detainee - Conditions of Confinement |  |  |  |

## V. ORIGIN *(Place an "X" in One Box Only)*
[X] 1 Original Proceeding
[ ] 2 Removed from State Court
[ ] 3 Remanded from Appellate Court
[ ] 4 Reinstated or Reopened
[ ] 5 Transferred from Another District *(specify)*
[ ] 6 Multidistrict Litigation - Transfer
[ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title 21, United States Code, Section 881
Brief description of cause:
Drug Related Seizure and Forfeiture of Property

## VII. REQUESTED IN COMPLAINT:
[ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
**DEMAND $** _____
CHECK YES only if demanded in complaint:
**JURY DEMAND:** [ ] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*    JUDGE John Preston Bailey    DOCKET NUMBER 5:20CR4

DATE 1/5/2021    SIGNATURE OF ATTORNEY OF RECORD    *L. Danáe DeMasi-Lemon*

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)  Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

  **(b)  County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

  **(c)  Attorneys.**  Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.  Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked**.**  (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.  Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.  Nature of Suit.**  Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.  Origin.**  Place an "X" in one of the seven boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File.  (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.**  Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.  Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.  Requested in Complaint.**  Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.  Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.